

**Garrett Charity, 285447**
**4250 North Drinkwater Blvd, Suite 320**
**Scottsdale, AZ  85251**
**602-456-8900**
**garrett.charity@mccarthylawyer.com**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela Chotiswatdi, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> Monarch Recovery Management, Inc. <br><br> Defendant. | Case No.    2:21-cv-2557 <br><br> **COMPLAINT AND TRIAL BY JURY DEMAND** |

### NATURE OF ACTION

1.     Plaintiff Pamela Chotiswatdi brings this class action against Monarch Recovery Management, Inc. pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of herself and all others similarly situated.

### JURISDICTION, STANDING, AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which

1

Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.     Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.      In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act."  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

11.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards

abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

12.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Los Angeles, and City of Long Beach.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated June 25, 2020.

21.     A true and correct copy of Defendant's June 25, 2020 letter is attached to this complaint as Exhibit A.

22.     Defendant's June 25, 2020 letter was its initial communication with Plaintiff with respect to the Debt.

23.     Defendant's letter stated, in part: "If you notify this office verbally or in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you."  Exhibit A.

24.     Upon information and belief, Defendant included this statement based on 15 U.S.C. § 1692g(a)(4).

25.     However, 15 U.S.C. § 1692g(a)(4) requires the debt collector to provide "a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(a)(4) (emphasis added).

26.     Defendant's letter does not comply with 15 U.S.C. § 1692g(a)(4) because it does not correctly inform the consumer of her requirement to dispute the debt in writing under the law, as the FDCPA requires.

27.     A verbal dispute does not trigger the debt collector's obligations to obtain and provide verification under 15 U.S.C. § 1692g(a)(4).

28.     Defendant's letter further stated, in part: "If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."  Exhibit A.

29.     Upon information and belief, Defendant included this statement based on 15 U.S.C. § 1692g(a)(5).

30.     However, like section 1692g(a)(4), 15 U.S.C. § 1692g(a)(5) requires the debt collector to provide "a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."  15 U.S.C. § 1692g(a)(5) (emphasis added).

31.     Defendant's letter does not comply with 15 U.S.C. § 1692g(a)(5) because it does not correctly inform the consumer of her requirement to dispute the debt in writing under the law, as the FDCPA requires.

**CLASS ALLEGATIONS**

32.     Plaintiff repeats and re-alleges all factual allegations above.

33.     Defendant's June 25, 2020 letter is based on a form or template used to send collection letters (the "Template").

34.     The Template states that the consumer may act "verbally or in writing" in order for the debt collector to provide verification or the name and address of the original creditor.

35.     The Template fails to accurately provide the statements required by 15 U.S.C. § 1692g(a).

36.     Defendant has used the Template to send collection letters to over 40 individuals in the State of California within the year prior to the filing of the original complaint in this matter.

37.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons in California to whom Defendant sent a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt.

38.     The class is averred to be so numerous that joinder of members is impracticable.

39.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common

questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

42.     Plaintiff's claims are typical of those of the class she seeks to represent.

43.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

44.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

46.     Plaintiff is willing and prepared to serve this Court and the proposed class.

47.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

49.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692g(a)(4)

54.     Plaintiff repeats and re-alleges each factual allegation above.

55.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

56.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

57.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

58.     "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted).

59.     "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005); *see also Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

60.     Because a consumer cannot take advantage of their rights under 15 U.S.C. § 1692g(a)(4) or (5) through a verbal dispute, Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff the statement required by that section in the manner the law requires.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules

of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)

61.    Plaintiff repeats and re-alleges each factual allegation above.

62.    "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005); *see also Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

63.    Because a consumer cannot take advantage of their rights under 15 U.S.C. § 1692g(a)(4) or (5) through a verbal dispute, Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey to Plaintiff the statement required by that section in the manner the law requires.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 24, 2021.

Respectfully submitted,

/s/Garrett Charity
Garrett Charity, Esq.
McCarthy Law, PLC
4250 N. Drinkwater Blvd. Ste. 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Facsimile: (602) 218-4447
litigation@mccarthylawyer.com
Attorney for Plaintiff

14